By the Court, Bronson, J.
If this case comes within the first rule of May term, 1840, (22 Wendell, 644,) the affidavit accompanying the plea was insufficient. It was not enough to swear to a defence on the merits generally. Such affidavits have sometimes been put in merely because the declaration contained counts which were not adapted to the particular, dealings between the parties, or'claimed damages beyond the amount really due. When the plaintiff brings his case within the rule in question, the affidavit of merits must'point to the particular demand on which the action is brought.
But no affidavit was necessary in this case. The statute speaks of “ actions upon contract upon any written instrument or record.” (Statutes of 1840, p. 333, § if.) And the rule made in pursuance of this enactment, provides for “ actions upon any written instrument or record” where it appears “that the written1 instrument or record is the only cause of action on which the plaintiff relies.” The award in this case, though a “ written instrument,” is neither a contract nor a record. And besides, a parol submission to arbitration lies at the foundation of the action. The award is nothing without an agreement to abide by it. If the submission had been in writing, the plaintiff might have brought his case within the statute and rule in ques *214 tion; but where the action is founded, either wholly or in part, • on a parol agreement, the defendant may plead without an affidavit pf merits.
Motion granted.